SANGUINETT *et al.*, *Appellants*, v. WEBSTER *et al.*

Division One, February 19, 1895.

1. **Married Woman**: CONTRACT: EQUITY. A married woman may, independently of statute, purchase and hold property in her own name and right, and, after paying the purchase money, enforce a conveyance in equity.

2. ——: ——: COMPETENCY TO SUE. Where a husband and wife convey real estate owned by them to a trustee, the profits to be divided between them and a real estate agent, the wife is competent to maintain an action for her share of the profits.

3. ——: ——: ASSIGNMENT. An assignment by the husband to the wife of his share of the profits was valid, and the wife can maintain a suit for such share.

*Appeal from St. Louis City Circuit Court.*—HON. J. E. WITHROW, Judge.

REVERSED AND REMANDED.

*R. S. MacDonald, M. Kinealy* and *J. R. Kinealy* with *C. V. Scott* for appellants.

(1) The general ground of demurrer being followed by special grounds, only the latter can be considered. Boone on Code Pleading, sec. 44; *Reveille v. Case,* 9 Mo. 502. (2) Defendants having accepted the trust, obtained the trust property under the trust agreement, sold the property and got the proceeds in their possession and the purposes of the trust being fully accomplished, they must now account with the beneficiary and pay over the funds. 2 Perry on Trusts, sec. 920, p. 580; *Pitts v. Sheriff,* 108 Mo. 110; Flint on Trusts, secs. 314, 318; *Wiggins v. Gauss,* 4 Sandf. 646. (3) Marshall P. Sanguinett's gift to his wife was valid. It is so, even though made by parol. Stewart on Husband and Wife, sec. 127 and cases cited; *Bettes v. Magoon,* 85 Mo. 580. (4) An assignment of a debt, claim, right or chose in action by parol or act *in pais* is good. 1 Am. and Eng. Encyclopedia of Law, p. 834 and notes. (5) And the assignment being good, the assignee has a right of action against the trustee to enforce rights incident to the interest assigned. 2 Perry on Trusts, sec. 882, p. 534; *Goodson v. Ellisson,* 3 Russ. Ch. 596.

*Hiram J. Grover* for respondents.

(1) He who seeks equity must do equity. (2) The "common law rule," which defendants invoke, and which plaintiffs treat contemptuously, is not obsolete in

this state, and defendants insist that Annie E. San-
guinett, the wife, has no standing in court in this case.
With regard to her legal estate, pure and simple, a
married woman is incapable of making any contract
whatsoever. *State v. Clay*, 100 Mo. 571; *Gwin v.
Smurr*, 101 Mo. 562; *Paul v. Levitt*, 53 Mo. 597; *Burn-
ley v. Thomas*, 63 Mo. 392; *Lakenan v. McIlhaney*, 17
Mo. App. 413; Schouler on Husband and Wife, par.
190, 192; Bishop on Married Women, par. 794, 795,
796; *Hord v. Taubman*, 79 Mo. 101; *Bank v. Collins*,
75 Mo. 280; *William v. Jensen*, 75 Mo. 681; *Huff v.
Price*, 50 Mo. 228. (3) A married woman can have
an agent only as to her separate estate. She can not
have an agent, or contract through an agent, with ref-
erence to her legal estate. *Wilcox v. Todd*, 64 Mo.
390; *Hill v. Callaghan*, 66 Mo. 324; *Hord v. Taubman*,
79 Mo. 104; *Lakenan v. McIlhaney*, 17 Mo. App. 415;
*Paul v. Levitt*, 53 Mo. 598. (4) Where the deed vests
in the wife a legal estate, pure and simple, in the ordi-
nary form, without disclosing an intention to exclude
the husband's marital rights, that constitutes a legal
estate, and the wife can not make any contract with
reference to it. *Hord v. Taubman*, 79 Mo. 103. (5)
Where the deed to the wife does not in terms exclude
the marital rights of the husband, the law says that the
estate acquired by the wife under such deed, is a legal
estate, pure and simple, to which the husband's marital
rights necessarily attach. Schouler on Husband and
Wife, par. 192. The husband is entitled to curtesy,
even in the wife's separate equitable estate, unless it
is provided to the contrary in the settlement. *McTigue
v. McTigue*, 116 Mo. 138. (6) A married woman hav-
ing no separate estate can not make a legal contract
with regard to anything whatsoever. *Lavelle v. Stifel*,
37 Mo. App. 525; *Bank v. Collins*, 75 Mo. 280; *Wil-
liam v. Jensen*, 75 Mo. 681.

MACFARLANE, J.—Judgment was rendered for the defendants upon demurrer to plaintiff's petition. Plaintiff appealed. The petition is lengthy but contains substantially the following averments:

It was stated that six named persons owned each small adjoining parcels of land in the city of St. Louis. One of these parcels was owned by each of the plaintiffs in severalty. The land thus divided into small tracts was not susceptible of sale, but was valuable and salable as one tract. Defendants were real estate agents and dealers. Plaintiffs were husband and wife.

Under these circumstances, in the year 1877, plaintiff Marshall P. Sanguinett and defendants entered into a verbal agreement by which said plaintiff undertook to purchase and have conveyed to a trustee, to be agreed upon, each of these small tracts, in order that the whole might be sold, as one tract, and the profits realized therefrom divided between them. Defendants agreed to furnish all the money necessary to purchase the land, and it was agreed that they should control the title, pay taxes and other expenses and sell the land to the best advantage, and account for the profits.

In pursuance of said agreement said plaintiff did purchase the four tracts owned by the other four parties and caused the same to be conveyed to a trustee agreed upon by said plaintiff and defendants. Plaintiffs also, without other consideration, conveyed their respective tracts to the same trustee, who was a clerk in defendant's office. About April, 1878, said plaintiff assigned to his coplaintiff all his interest in the agreement and the profits that might be realized; of which defendants had notice from September 12, 1878.

Afterward by agreement of parties the said trustee conveyed the land to defendant Webster, who was thereby substituted as trustee. In March, 1889, said

defendant, as trustee, sold the land to one Richard M. Scruggs for the expressed consideration of $12,000.

Plaintiffs charge that out of the purchase and sale of said land, under said agreement, profits to the amount of $20,000 were realized, and that defendants refuse to account therefor to said plaintiff, Annie E. Sanguinett, though requested.

I.   The contention on the part of defendant, as we understand it, is, that, inasmuch as plaintiff, Annie E. Sanguinett, was a married woman, she was incapable, by herself or her agent, of making the agreement relied upon by plaintiffs and she could not, therefore, take by assignment from her husband the rights he may have acquired thereunder; that she could not do indirectly what she had no power to do directly.

It has been settled, it is true, by a long and consistent line of decisions, in this state, that, prior to enabling statutes, a married woman was incapable, except as to her separate property, of binding herself by contract.   Attempts to do so were uniformly held null and void, both in law and in equity.   *Hord v. Taubman*, 79 Mo. 103, and cases cited.

But we think the proposition falls short of supporting the position of counsel in this case.   Equity has ever been active in enforcing and protecting the rights of married women in trust estates created for their benefit.   It has never been disputed that, independent of any statute, a married woman may be the recipient of property by gift, grant or devise, and that her rights thereto will be upheld.   Nor has the proposition ever been denied that she can, with her own money, purchase and hold property in her own name and right, and after paying the purchase money, enforce a conveyance in equity.   *Pitts v. Sheriff*, 108 Mo. 115; *Walker v. Owen*, 79 Mo. 563.

A distinction is made, and must be kept in view, between a contract wholly executory and one which is executed in whole or in part by her. The former is void, but if she has done all, on her part, required by the contract, it will be enforced against the other party, and it makes no difference that she could not have been compelled to perform the agreement. "But if the agreement rests merely in mutual promises, then, in principle, as the promise of the married woman is a nullity, it can not constitute a consideration for the promise of the other party; therefore it is void also as to him." 2 Bishop on the Law of Married Women, sec. 250. The law as thus declared has been approved and adopted by this court. *Neef v. Redmon*, 76 Mo. 197; *Dickson v. Kempinsky*, 96 Mo. 258; *Walker v. Owen*, 79 Mo. 571.

It stands admitted by the demurrer that the agreement was made with plaintiff Marshall P., the husband. Under it plaintiff Annie E., without other consideration, conveyed to the trustee her parcel of land. By the negotiations and procurement of plaintiff Marshall P., the other tracts, including his own, were also conveyed to the trustee. The contract was then fully executed and the title was vested in the trustee. The property was afterward sold by the trustee for a profit. Defendants received the proceeds and refused to account, for the reason that plaintiff, who claims the right, is and was a married woman. If equity would refuse relief under such a state of facts it would be misnamed. Nor would it matter that the original contract was made by, or for, the benefit of the wife. Defendants took and sold the property and should account for the profits to the person entitled to them under the contract.

We only pass upon the case as stated in the petition. We can not resort to an abandoned answer or to

depositions on file to learn facts which do not appear in the petition.

II. The husband had the undoubted right to assign to his wife as a gift his interest in the profits realized in the transaction, provided the rights of creditors of the former were not thereby affected. *Bettes v. Magoon*, 85 Mo. 586; *Clark v. Clark*, 86 Mo. 123; *Thomas v. Thomas*, 107 Mo. 463 and cases cited. Judgment reversed and cause remanded. All concur.