State ex rel. v. Jones.

STATE ex rel. GEORGIA SMITH, Respondent, v. RICH-ARD D. JONES et al., Appellants.

St. Louis Court of Appeals, February 13, 1900.

1. **Married Woman: SHERIFF'S BOND: SUIT ON: PROPERTY SEIZED AS HUSBAND'S.** Plaintiff at about the time of her marriage in 1888 or 1889 received from her mother a horse and a cow; these animals were sold, proceeds invested in others, and by sales and exchanges thereafter made by the husband, the horse and cow found in his possession were levied on and sold as his property. Held, that his use, possession and care of his wife's separate personal property with her assent or acquiescence constituted no legal evidence of title thereto in him, or any authority to dispose of the same, as the terms of such assent to sell, encumber or otherwise dispose of such property for his own use and benefit, can only be established in writing.

2. ———: ———: GIFT OF PROPERTY TO WIFE: VALID, WHEN UNAFFECTED BY FRAUD. Admitted that the husband furnished part of the money to purchase the horse levied upon, still that would not make it subject to levy for his debt, since he may give his wife personal property when such is not made in fraud of his creditors.

3. ———: ———: HUSBAND'S PERSONAL SERVICES FOR WIFE'S BENEFIT. The husband may give his personal services to the care and management of his wife's separate property without any money consideration, even when he is in debt and insolvent.

4. ———: ———: INSTRUCTIONS. The instructions for plaintiff, defining her rights as a married woman under the Married Woman's Act of 1875, with respect to her personal, separate property in possession of, used and managed by her husband, approved.

Appeal from the Ralls Circuit Court.—*Hon. David Henry Eby*, Judge.

AFFIRMED IF REMITTITUR MADE.

*J. O. Allison, C. T. Hays* and *T. E. Allison* for appellants.

(1) The court erred in giving instruction number 1 for the relator. This instruction was in effect a peremptory in-

struction to the jury to find for the relator, if they believed her mother gave her a horse and cow at or about the time of her marriage, and that the horse and cow sold by the sheriff was the same, or was the income, increase or the profits thereof. As to all other matters it directed a verdict. It did not require the jury to find when the relator was married and when her mother gave her the horse and cow. It assumes that the marriage took place since the passage of the Married Woman's Act of 1875, and that the date the relator's mother gave her a horse and cow, was since the passage of that law. There was no evidence showing the date of the marriage and when the horse and cow were given to the relator. The theory of the relator's case is based upon the Married Woman's law of 1875, but she fails by the evidence to bring her case within its provisions, and this instruction is altogether wrong and should not have been given at all. If this property came to the wife prior to the Married Woman's act, it vested absolutely in her husband and his right therein became a vested right, and all income and proceeds thereof would be his. Woodford v. Stephens, 51 Mo. 443; Benne v. Schnecko, 100 Mo. 250; Leete v. State Bank, 115 Mo. 184. (2) Instruction number 2, given for the relator, is subject to the same objections as that of number 1, above named. And in the use of the word "represented" is ambiguous and technical; and has in the connection in which it is used, a technical legal meaning that should have been explained to the jury by the court. And the use of this word submitted to the jury a legal proposition. Grand Lodge of Masons v. Knox, 27 Mo. 315; Belt v. Goode, 31 Mo. 128; Dyer v. Brannock, 2 Mo. App. 432; Dry Goods Co. v. Schooley, 66 Mo. App. 414; Hester v. Fidelity and Casualty Co., 69 Mo. App. 186; Flint-Walling Mfg. Co. v. Ball, 43 Mo. App. 504. (3) Where the plaintiff produces parol evidence to support his action, the issues of fact must be submitted to the

jury, even though the evidence be all one way. It is for the jury to say whether they will believe the witnesses or not; and the court has no right to tell the jury they must believe the witnesses. Mineral Land Co. v. Ross, 135 Mo. 101. (4) The judgment is clearly excessive and not supported by the evidence. There was no evidence to support the verdict, and the evidence as to the value of the horse and cow, so preponderates against the verdict as to clearly show that it was the result of partiality, prejudice or passion, and should not be permitted to stand. All the evidence except one witness, who is a brother of the relator, shows the value of the horse to be not over $35, and the value of the cow, to be from $30 to $35. Her brother thought the horse and cow were worth about $85 or $90. There was no evidence that the horse and cow were together worth $100. Oglebay v. Corby, 96 Mo. 285.

*J. D. Hostetter* for respondent.

(1) The jury were the judges of the value of the animals and had a right to consider the opinion evidence, also the cost of the animals (the evidence showing that the horse alone cost $75), the amount they sold for at sheriff's sale in connection with the description and qualities of the same as they were detailed in evidence by the oral testimony and by the sheriff's return and notice of sale, etc., and from all these facts arrive at a conclusion as to the value. No case can be found where the jury are required to adopt the estimate of witnesses as to value. This requirement would in effect amount to a substitution of the opinion of witnesses for the judgment of the jury. If only one witness gave his opinion then the jury might as well be discharged and the opinion of that witness taken as the verdict without any deliberation on the part of the jury. Cosgrove v. Leonard, 134 Mo. 419; McReynolds v. Railroad, 105 U. S. 45; Murdock v. Summers,

22 Pick 156; Powell v. Railway, 59 Mo. App. 335. So a jury may be left to determine the value without any evidence, as to illustrate, services rendered by nurses. Murray v. Railway, 101 Mo. 236. So a trial judge may fix amount of attorney fees without any evidence of value. McCloskey v. McCloskey, 68 Mo. App. 199. The cost of the animals and the price for which they were sold constitutes evidence of its value. Stevens v. Springer, 23 Mo. App. 375; Markowitz v. Kansas City, 125 Mo. 485.

BLAND, P. J.—William Christian, receiver of the Center Bank, obtained a judgment in the Ralls circuit court against E. C. Smith, and caused an execution to be issued thereon and delivered to appellant Richard D. Jones, sheriff of Ralls county, for service. Jones as sheriff, by virtue of the execution, levied upon one roan mare and one cow as the property of the defendant in the execution. The respondent, Georgia Smith (who was the wife of E. C. Smith), shortly after the levy was made, made her claim in writing, verified by her affidavit, in compliance with the statute, as the owner of the mare and cow, and served the sheriff with a copy of the same. The sheriff immediately notified the plaintiff in the execution of the claim to the property made by Mrs. Smith. An indemnifying bond was furnished the sheriff and he proceeded to advertise and sell the property under the execution, and did sell the same and pay the proceeds to the execution creditor. This suit is brought on the sheriff's official bond against him and his sureties. The petition is in the ordinary form, and for specific breaches alleged the seizure and sale of plaintiff's property on the execution against E. C. Smith. The actual damages are laid at $100.

The answer admitted the official character of Jones and the execution of the bond sued on, but denied every other allegation in the petition. The issues were tried by a jury,

who found for plaintiff and assessed her damages at $100. A timely motion for new trial was filed, which being overruled defendants took and perfected their appeal to this court.

The evidence, in addition to the facts above set out, tended to prove that plaintiff and E. C. Smith were married in 1888 or 1889, certainly after the year 1875, the year in which the Married Woman's Act was passed; that prior to the marriage the mother of plaintiff had given her a horse, and at the time of the marriage a cow; that the horse which her mother had given she sold to her brother Clyde Ogle, and shortly thereafter the proceeds of this sale was invested in another horse, for which $75 was paid, and that animal was exchanged by plaintiff with her husband for the roan mare, levied on and sold by the sheriff; that the cow which her mother had given her had been sold, and with the proceeds another cow was bought, and that this process had been repeated twice thereafter, ending in the acquisition of the cow that was levied on and sold. It appears that E. C. Smith had the control and management of the cows and of the horses, fed and took care of them, and used them as his own. The court, for respondent, gave the following instructions:

1. "The court instructs the jury that if you find that relator's mother gave her a horse and cow at or about the time of her marriage, then the same, together with all income, increase and profits thereof, became and continued her separate property and not liable to be taken by any process of law for the debts of the husband; and you are further instructed that evidence that the husband used, cared for or controlled or traded and sold said property is not competent to prove that the wife transferred same to her husband, but the same remained her separate property, unless the jury find that she gave assent in writing to her husband, conferring full authority on him to sell, encumber or otherwise dispose of the same for his own use and benefit; and you are

further instructed that there is no evidence in the cause that such written assent was given."

2. "The court instructs the jury that if you find and believe from the evidence in the cause that the relator, Georgia Smith, at or about the time of her marriage received by gift from her mother, a horse and cow, and that the horse and cow sold by defendant, sheriff, represented the proceeds or income of said original horse and cow so given to her by her mother, then the verdict must be for the plaintiff."

3. "The court instructs the jury that if you find for the plaintiff you will assess the damages at such sum as you may believe from the evidence in the cause to be the reasonable market value of the property at the time and the place when and where it was levied on and sold by the sheriff, not exceeding the sum of $150."

The court refused the following instructions asked by appellant:

· 1. "The court instructs the jury that under the pleadings and the evidence their verdict must be for defendant as to the mare in controversy."

2. "The court instructs the jury that although they may believe from the evidence in this cause that E. C. Smith traded to or exchanged with plaintiff the roan mare in controversy, still such trade or exchange vested no legal title or property in the plaintiff in said mare and under the law said mare remained the property of said E. C. Smith after such trade, and your verdict must be for defendant as to said mare."

Appellants assign the giving and refusing of instructions as error. We are unable to discover any reversible error, either in the giving, or refusing of instructions, both numbers 1 and 2 given for the respondent correctly presented the law with reference to the separate personal property of the wife; and of the authority of the husband to sell or dispose of the

same, as enacted by section 4340, Revised Statutes 1899. The assumption that the marriage was subsequent to 1875, is not reversible error since the evidence is all that way. The use, occupancy, possession and care of the wife's separate personal property by the husband, by the mere consent or acquiescence of the wife, is not evidence of title in him, or of his authority to dispose of the property. Her assent to his possession and authority to dispose of such property, can only be established in the manner pointed out by section 4340, *supra*, to wit, by writing. No such evidence was adduced on the trial. It is contended that E. C. Smith contributed at least a part of the purchase price for the second horse, and therefore had an interest in it. Conceding that he did furnish a part of the money to purchase the horse, the purchase was for the wife and partly with her funds, and was made to take the place of the horse she had previously sold. The husband may give his wife personal property, when such gift is not in fraud of his creditors. Bettes v. Magoon, 85 Mo. 580; Clark v. Clark, 86 Mo. 123; Thomas v. Thomas, 107 Mo. 463; Sanguinett v. Webster, 127 Mo. 32. There was no evidence in the record tending to prove that E. C. Smith was indebted when the horse was purchased, and he might lawfully under the statute have furnished the entire purchase money of the horse, and made his wife a present of it. So he may give his personal services to the care and management of his wife's separate property without a money consideration, even when he is in debt and insolvent. Seay v. Hesse, 123 Mo. 450. There is no law to compel him to work for his creditors. Seay v. Hesse, *supra*, and cases cited.

The second contention of appellant is that the verdict is excessive. We so find it. The property brought $64.50 at the sheriff's sale. Most of the witnesses estimated the value at from $65 to $75. One witness, a brother of respondent, estimated the value at from $85 to $90. No witness esti-

mated the value at as much as $100, the damages assessed by the jury. The excess is small, but that the verdict is excessive admits of no doubt, in view of the testimony. We think from the testimony of the disinterested witness that the value of the property did not exceed $75. The respondent may remit the excess here, which, if done in ten days, the judgment will be affirmed for $75 and costs except cost of appeal; if no remittitur be entered within ten days, the judgment will be reversed and the cause remanded. All concur.