O. E. GRIMES, Appellant, v. R. B. COLE, Respondent.

**Kansas City Court of Appeals, November 16, 1908.**

1. **TRIAL AND APPELLATE PRACTICE: Evidence: Change of Theory.** At a trial a controlling question was whether the defendant had abandoned a certain farm so as to authorize the plaintiff's re-entry. The plaintiff did not ask the court to so instruct the jury, though the evidence was very strong to that effect, but submitted the question to the jury and should abide by the verdict.

2. **INSTRUCTIONS: Evidence: Conflict.** Certain instructions are examined and approved and are held to be without conflict.

Appeal from Harrison Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*J. W. Peery* and *O. N. Gibson* for appellant.

(1) When a tenant moves from the demised premises, leaving them uncared for and unprotected and exposed to injury or waste, the landlord may re-enter for the purpose of preventing the threatened loss or impairment of the estate, whether the tenant consents or not. Churchill v. Lorimers, 60 Mo. App. 244; Buck v. Lewis, 46 Mo. App. 227; Jones v. Barnes, 45 Mo. App. 590; Hulin v. Roll, 43 Mo. App. 234; Duffy v. Day, 42 Mo. App. 638; Mitchell v. Blossom, 24 Mo. App. 48; Krank v. Nichols, 6 Mo. App. 72; Reeves v. McComesky, 168 Pa. 571, 32 Atl. 96; Joslin v. McLean, 99 Mich. 480, 58 N. W. 467. (2) The landlord may resume possession for the purpose of preventing this result, without being required to show that the tenant "moved off of said land with the intention of not further using same for himself." The trial court committed reversible error in imposing this burden on

Grimes v. Cole.

appellant. 22 Am. and Eng. Ency. Law (2 Ed.), 1225; 11 Am. and Eng. Ency. Law (2 Ed.), 463, 468; Skally v. Shute, 132 Mass. 367; Tallman v. Murphy, 120 N. Y. 345; Waite v. O'Neill, 76 Fed. 408, 47 U. S. App. 19; Smith v. Thurston, 19 Mo. App. 48; Crawley v. Mullins, 48 Mo. 517; 18 Am. and Eng. Ency. Law (2 Ed.), 354; Atchison v. McCulloch, 5 Watts (Pa.), 13; Burke v. Hammond, 75 Pa. St. 172. (3) Such resumption of possession does not terminate the tenancy or relieve the tenant from liability for rent, and the landlord may relet the premises, giving the tenant due credit on his rent obligation, for whatever is received therefrom. 18 Am. and Eng. Ency. Law (2 Ed.), 303, 304; Quinette v. Carpenter, 35 Mo. 502; Livermore v. Eddy, 33 Mo. 547; Kerr v. Clark, 19 Mo. 132; Distrehan v. Scudder, 11 Mo. 481; Prentiss v. Warne, 10 Mo. 601; Whetstone v. McCartney, 32 Mo. App. 430; Buck v. Lewis, 46 Mo. App. 227; Heine v. Morrison, 13 Mo. App. 577.

*J. C. Wilson* and *B. W. Hurst* for respondent.

(1) The rules are well settled that if the landlord wrongfully enters into any part of the demised premises, which are let for an entire gross sum, and shall expel the lessee therefrom, then there is a total suspension of the whole rent until the tenant is restored to the whole possession. This, too, is the rule notwithstanding the tenant may continue the occupancy of a portion of the leased property. Taylor's Landlord and Tenant (7 Ed.), sec. 378; Wood's Landlord and Tenant, sec. 473; Taylor's Landlord and Tenant, sec. 481, *et seq.* (2) And not only is the rent suspended, but as well the right to oust the tenant by action for non-payment of the rent. Ib. Witte v. Quinn, 38 Mo. App. 690. (3) The law is, that quiet enjoyment of the premises without any molestation on the part of the landlord, is an implied condition on which the tenant is bound to pay rent. 1 Taylor on Landlord and Tenant (8 Ed.),

sec. 377; Jackson v. Eddy, 12 Mo. 209; Smith v. Thurston, 19 Mo. App. 48, 169 Mo. 333.

BROADDUS, P. J.—On July 11, 1905, plaintiff commenced this suit before a justice of the peace by filing a promissory note, dated August 13, 1904, executed by defendant and made payable to plaintiff, for $75, without interest if paid when due, otherwise to bear eight per cent, etc. On August 8, 1905, defendant filed an answer admitting the execution of the note and setting up that it was given to plaintiff for the rent of a certain farm from the 26th of July, 1904, to March 1, 1905; that a short time after defendant had entered into possession of said farm he removed therefrom, but without intending to abandon the same; that plaintiff wrongfully resumed possession of the premises and converted the proceeds to his own use, thereby creating a failure of consideration for said note.

In his answer, he further, by way of set-off, pleaded the following account:

"O. E. Grimes to R. B. Cole,     Dr.

July 16.  To one mowing machine.........$21.00
July 29.  To wall paper, repairing house....   8.25
July 29.  To paint ...... ........ ........   75
July 29.  To plastering ..................   25
August 10   to 12 inclusive, work of team three
    days, $1.50 per day .....................   4.50

      Total ................ ................$34.75
      By cash .............................. 10.00

                                         $24.75

On the first trial, the jury failed to agree and the cause was set down for trial on August 19, 1905, on which day the plaintiff filed a statement as follows: "Now comes plaintiff and for a further and additional

cause of action against defendant, herein, avers: that defendant is further indebted to him, in addition to the sum demanded on the note filed herein, in the sum of $31.37; as shown by the itemized statement following." Then following is a statement of various items aggregating $55.75, credited with $24.38, leaving a balance of $31.37. On motion of defendant plaintiff's amended statement was stricken out. On the trial the judgment was for the plaintiff for $24.13, from which defendant appealed.

Before the case was tried anew in the circuit court, defendant filed an amended answer, set-off and counterclaim, which, after stating the facts set out in the former answer, omits the averment as to failure of consideration of the note, but, instead, avers that, "by reason of plaintiff unlawfully taking possession of said premises and the converting by him of the hay, fruit and grass to his own use, and the buildings on said land, that defendant is damaged in the sum of $95." The statement also contains itemized account first filed. Notwithstanding the court struck out the plaintiff's statement of a second cause of action containing the account alluded to, it permitted it as a set-off or counterclaim against defendant's account.

The judgment was for defendant, from which plaintiff appealed.

The parties introduced evidence tending to support the issues raised by the statements, the principal one being whether or not the conduct of the defendant in leaving the premises unoccupied and moving into another in a different neighborhood constituted in law an abandonment and justified the action of plaintiff in re-entering the premises and gathering the crops grown thereon. The plaintiff insists that, on the evidence, as a matter of law, the court should have instructed the jury that the defendant's action in quitting the premises justified the plaintiff in re-entering thereon.

But the court was not asked to so instruct. We have reviewed the evidence and, while we are satisfied that it preponderates greatly in plaintiff's favor on that issue, we do not feel justified in saying that there was an entire failure of testimony that there was no such abandonment. And, as the plaintiff tried the case upon the theory that it was a question for the jury, we think he should abide by the verdict under the circumstances. He is bound by the theory he adopted on the trial.

The plaintiff complains of the action of the court in not giving to the jury instructions numbered one, two and four, as asked. The court changed the phraseology of the instructions as offered, but, upon the most careful examination, we have been unable to perceive that there was any change whatever in their meaning. We think that plaintiff has no grounds for complaining of the action of the court in the giving of his instructions, as it gave all he asked.

The plaintiff insists that defendant's instruction numbered four is inconsistent with instruction numbered seven given for plaintiff, and erroneous. The former is a mere definition of what constitutes abandonment and is not in conflict with that numbered seven given for plaintiff. We believe that plaintiff was given a fair trial under the theory upon which the case was tried and that whatever injustice, if any, was done him, it was his own fault. Affirmed. All concur.