Otis L. DOWD, Respondent,

v.

A. H. SCHOENING, Defendant,
Florence D. Schoening, Third Party
Claimant, Appellant.

No. 7318.

Springfield Court of Appeals.

Missouri.

March 5, 1955.

Cope & Ponder, Poplar Bluff, for appellant.

Ted M. Henson, Poplar Bluff, for respondent.

RUARK, Judge.

The respondent, Dowd, had judgment against defendant, A. H. Schoening, on a purchase money note. Upon execution under such judgment the sheriff levied upon the property here in question, to-wit, one Farmall tractor with plows, disks and other equipment, and one McCormick hay baler and side delivery rake. Appellant, Florence D. Schoening, wife of the judgment debtor, filed claim as owner of the property so seized under the provisions of Section 513.130, RSMo 1949, V.A.M.S. and related sections.

The Schoenings lived at Paducah, Kentucky. The husband had been a railroad engineer but was retired at time of trial. Appellant held the title to an eighty-acre farm in Butler County, and the family had lived on this farm in the early 30's, after which time it was rented out. In 1949 one Willis and his son were tenants on the farm. On April 25, 1949, respondent Dowd sold *somebody* the tractor and attendant equipment. At the time of the purchase only Willis and son were present. Dowd testified that Willis told him of an arrangement for the purchase, whereupon he, Dowd, called A. H. Schoening over long distance phone and an agreement was worked out with Schoening whereby the machinery was sold for $1,200, $500 to be paid down and the balance of $700 to be carried back and secured by chattel mortgage. Pursuant to the instructions from and agreement with Schoening, a promissory note in principal amount of $700, payable to the order of Dowd and signed by Willis, his son and A. H. Schoening, was executed. This note was secured by chattel mortgage pledging the equipment so purchased, but such mortgage was signed only by Willis and son. Concurrently therewith the two Willis men gave A. H. Schoening a promissory note in the amount of $500 and to secure the same gave him (Schoening) a chattel mortgage on the tractor and equipment. This mortgage was stated to be subject to the prior mortgage of even date in the amount of $700 which had been given Dowd for the balance of the purchase price. The down payment of $500 was made by Schoening's sending to Dowd his personal check in such amount. Subsequently this check proved to be resilient and rebounded to Dowd, who thereupon wrote Schoening about it. On May 14, 1949, (the record does not show whether Schoening was then at home) a letter was written to Dowd as follows:

"Your letter received, am very sorry for this to happen to you! Especially do we appreciate getting your tractor and equipment. I have checked with my bank at Kevil, Ky. Please send that check for $500.00 in to the Bank of Kevil, Ky. and you will receive the money at once.

"Again I say we sure are sorry this had to happen.

"Yours
"A. H. Schoening
"By Mrs. A. H. Schoening"

Presumably Dowd sent the check to the bank as directed and got his down payment money. This letter is the first time that Mrs. Schoening appeared in the transaction, and Dowd testified that until he received such letter he did not even know that Schoening had a wife. After the $700 purchase money note became due, Willis informed Dowd that Schoening "has kicked us off" the place and stated he could not pay for the tractor. He eventually brought it back to Dowd. On January 20, 1951, A. H. Schoening brought a replevin action against Dowd in magistrate court for this equipment and apparently he was successful. The record does not show how the case reached such court, but on May 22, 1952, plaintiff in that action obtained a judgment for possession in the circuit court. Mrs. Schoening's name did not appear in the replevin suit. On the same day Dowd filed suit against Schoening for the balance due on the $700 purchase money note. He eventually obtained a judgment, and levy of execution thereunder upon the property was followed by the filing of this claim.

As to the hay baler and rake, appellant testified they were purchased with money which she had obtained by borrowing on her farm; that on August 2, 1951, she and her husband gave a note and deed of trust to the State Bank of Poplar Bluff in the amount of $1,200. The giving of a deed of trust to such bank of such date and amount was admitted. She testified that she was not present when the hay baler and rake were purchased and that all she knew about it was what her husband told her, but that the money to pay for it was obtained by the borrowing on her farm. For one who claimed to have been the principal and who provided the purchase money, she displayed singular lack of knowledge. She first insisted that all of the property, both tractor and baler, was purchased in the year 1951, when a Mr. Robert Gant was tenant on the farm, a fact belied by the admitted instruments in reference to the tractor and equipment, which was purchased in 1949. Later in her testimony she recalled that Mr. Willis

was tenant on the farm when the tractor was purchased and said that she gave her husband $500 *in cash* to make the down payment on the tractor. This was before she was confronted with the letter above quoted. According to her testimony she did not know anything about any lawsuit which her husband had with Mr. Dowd over the tractor and equipment until after it was all over. She claimed to be the owner of all the property; that her husband signed the note as her agent; that "he had that perfect right" to sign it for her; that *he* was not supposed to pay it; that she didn't know he had been sued on the note until after it was all over; that she did not owe Mr. Dowd any money on account of the transaction herself. Without going further with the evidence, we may say that the jury could well have concluded that the lady did protest too much, disbelieved her evidence in the entirety and so found its verdict in favor of the judgment creditor, Dowd.

Assigned as error is the action of the court in refusing appellant's instructions TPC–1 and TPC–2 and the giving of the court's own instructions 1C and 2C in lieu thereof. Refused TPC–1 said:

"The court instructs the jury that under the law of Missouri a wife can own property 'absolute in her own name and it makes no difference how she acquires same, whether by purchase, gift or in any manner in which property may be acquired, and where property is owned by a wife it is not subject or liable for the debts of her husband.

"Therefore, you are instructed that if you believe and find from the evidence in this cause that Florence D. Schoening was the owner of the personal property levied upon by the Sheriff of Butler County, Missouri, to satisfy a debt owed by A. H. Schoening, her husband, and that Florence D. Schoening had not assented in writing conferring upon her husband full authority to sell, encumber, or otherwise dispose of the said person-

al property levied upon for his own use and benefit, then you are instructed that under the law the said property is the separate property of Florence D. Schoening and is not liable for the debts of her husband, and your verdict will be in favor of Florence D. Schoening."

TPC–2 was as follows:

"The court instructs the jury that if you find and believe from the evidence in this cause that the personal property described in evidence, or any part thereof, was at the time same was seized and levied upon by the Sheriff of Butler County, Missouri, to satisfy a judgment in favor of plaintiff, Otis L. Dowd, and against the defendant, A. H. Schoening, was and is now the separate property of the Third Party Claimant, Florence D. Schoening, then you are instructed that your verdict shall be in favor of Florence D. Schoening and against the plaintiff, Otis L. Dowd, as to all of said personal property, or so much thereof as you find and believe from the evidence was and is the separate property of the said Florence D. Schoening.

"And you are further instructed that even though you may find and believe from the evidence that all or a part of said property was purchased with money which was given to her by her husband, A. H. Schoening, and that the said A. H. Schoening used, cared for or controlled or traded and sold or encumbered said property, or any part thereof, such fact or facts does not prove that his wife, the said Florence D. Schoening, transferred same to her husband, but the same remained her separate property, unless the jury find that she gave assent in writing to her husband, conferring full authority on him to sell, encumber or otherwise dispose of the same for his own use and benefit; and you are further instructed that there is no

evidence in this cause that such written assent was given."

The court's instructions in lieu were:

"Number 1C

"The court instructs the jury that under the law of this state a wife can own property absolute in her own name and it makes no difference how she acquires same, whether by purchase, gift or in any manner in which property may be acquired, and where property is owned by a wife, it is not subject or liable for the debts of her husband unless she gives consent in writing to him for full authority to sell, encumber or otherwise dispose of same.

"Therefore, if you find and believe from the evidence that Florence D. Schoening purchased and became the owner of the property in question, or any part thereof, and that she furnished the purchase money therefor, from any source whatsoever, and that she acquired the ownership thereof as her own and absolute property, then you will find the issues herein for the Third Party Claimant, Florence D. Schoening, to so much or all of said property as you may find she is the owner of."

"Number 2C

"You are further instructed that if you find and believe from the evidence that Florence D. Schoening purchased and became the owner of the property in question, or any part thereof, as defined in Instruction Numbered 1C and that she did not authorize or consent in writing to A. H. Schoening to sell, encumber or otherwise dispose of the same, then you will find for said Florence D. Schoening as to all or such part of said property as you may find she is the owner of, even though you may find that A. H. Schoening used, cared for, controlled, traded, sold or represented as his own property."

It is contended that these unduly restricted claimant's theory of the case. Specific complaint is made that the failure to instruct the jury there was no evidence that Florence Schoening had given her husband consent in writing to sell, encumber and otherwise deal with the property left the matter to speculation. It is said the failure to instruct that the acts of the husband under certain conditions set out in the proffered instruction were no proof that claimant transferred the property or any part to her husband left an inference that such acts were proof that the property did not belong to her or that she had transferred the same to her husband.

There is no dispute as to the substantive law. Under the provisions of Section 451.250 RSMo 1949, V.A.M.S., any personal property belonging to a woman at her marriage or which thereafter may come to her by gift, bequest, inheritance or by purchase with her separate means or as the wages of her separate labor remains her separate property and is not liable for the debts of her husband and may not be reduced to the possession of the husband or be subjected to his debts except by the express written assent of the wife giving full authority to sell, encumber or otherwise dispose of the same for his own use and benefit.

The trial court, although under no compulsion to do so, may modify a requested instruction so as to relieve against the possibility of wrong construction by the jury. It is only when the offered instruction was correct and is materially changed so as to make it less favorable to the party offering it that such becomes reversible error. Schiermeier v. Kroger Grocery & Baking Co., Mo.App., 167 S.W.2d 967, 970, and cases cited. Even if the instruction is proper it is not reversible error to modify it. The court is not bound to follow the language of an attorney, and if it correctly informs the jury on the issues concerning which it has been asked, the instruction is sufficient. Braden v. Friederichsen Floor & Wall

Tile Co., 223 Mo.App. 700, 15 S.W.2d 923, 930. And a trivial or slight modification or change in phraseology is not error. Ownby v. Kansas City Rys. Co., Mo.App., 228 S.W. 879; Grimes v. Cole, 133 Mo.App. 522, 113 S.W. 685; McKay v. McKay, 192 Mo.App. 221, 182 S.W. 124. Nor is it error to strike out portions which are unnecessary, Berkshire v. Holcker, 202 Mo.App. 433, 216 S.W. 556, 559; or for which there is no evidence to predicate the submission, Fisher v. St. Louis Transit Co., 198 Mo. 562, 95 S.W. 917; or which are repetitive, Dittmeier Real Estate Co. v. Southern Surety Co., Mo., 289 S.W. 877. If the instruction is erroneous and if the court attempts to correct it and the correction is good as far as it goes, the party offering it is in no position to complain. O'Brien v. Rindskopf, 334 Mo. 1233, 70 S.W.2d 1085, 1092; Turner v. Butler, 253 Mo. 202, 161 S.W. 745, loc. cit. 748. Comparing refused TPC–1 as offered and C1 as given, we find them substantially the same, albeit the language is rearranged and the court's instruction is in fewer words. That portion which dealt with the necessity for assent in writing was left out of the second paragraph but was condensed and added to the abstract part of the instruction as set forth in the first paragraph. This we will discuss later herein. Other than this, the only thing *omitted* was the requirement that the property had been levied upon to satisfy a debt owed by the husband. This was a conceded fact not in issue, and further than the statement contained in the first paragraph its hypothesization was unnecessary. The only *addition* was in the words "purchased and became" the owner of the property in question or any part thereof, and that she "furnished the purchase money therefor, from any source whatsoever." The whole of appellant's case, both by her testimony and the testimony of her husband, was that *she had purchased the property and furnished the purchase money*. Had there been evidence or justifiable inference that she became the owner by reason of gift or some other source, the insertion of such

words would have been error, but here they only conformed to what she contended. She cannot object because the court confined the hypothesization to what she claimed. The trial court may have been influenced to make the insertion because of the opinion in McCoy v. Hyatt, 80 Mo. 130, loc. cit. 137, where an instruction which did not contain words of similar import was held bad.

 Instruction 2C condensed and put into a nutshell all of TPC–2 to which claimant was entitled. It was appellant's theory, supported by her evidence, that she originally purchased the property with her own separate money. There was no evidence that "a part of said property was purchased with the money which was given to her by her husband, A. H. Schoening." Neither does the record show any evidence, claim or contention that the property, having been purchased by the appellant, was transferred to her husband. The bone to be picked was whether the property was purchased by or for her with her separate money and means, or whether it was purchased and owned by her husband, who gave the purchase money note. That an instruction cannot go beyond the evidence requires no citation of authority. Nor may the claimant submit a question based on a false predicate. The proffered instruction set up a straw man and directed the jury to knock him down. Furthermore, even if there had been evidence from which the jury might have inferred that the property had been purchased by the wife with the money of the husband (or from other source) and that she had thereafter transferred it to him, we think the way in which it was attempted to be submitted constituted a singling out and a giving of undue prominence to a detached and rather isolated issue such as to amount to a comment, which is error. Feil v. First National Bank, Mo.App., 269 S.W. 936, loc. cit. 942; Dawes v. Starrett, 336 Mo. 897, 82 S.W.2d 43; Curtis v. Bales, 211 Mo.App. 219, 241 S.W. 83, loc. cit. 85; Rankin v. Gaugh, Mo.App., 6 S.W.2d 640. This was a negative or limiting direction. The primary duty of the court is to tell the jury what the issues are, not to emphasize what the issues are *not*. Arno v. St. Louis Public Service Co., 356 Mo. 584, 202 S.W.2d 787, 789. The highway down which the jury had to go was on the issue of whether the husband or whether the wife purchased and furnished the money for the purchase of the property. The language submitted was calculated to beckon the jury off onto a byroad whereon they were required to wander in the confusion of determining whether the husband did give the wife the money to buy the property, whether the wife transferred it to her husband and whether she had given her written consent for him to sell, encumber or otherwise dispose of the same for his own use and benefit. In this respect it had the same fault as so many "mere fact" or "tending to prove" instructions. Littig v. Urbauer-Atwood Heating Co., 292 Mo. 226, 237 S.W. 779, 785; Messer v. Gentry, 220 Mo.App. 1294, 290 S.W. 1014, 1016, 1017; Zeis v. St. Louis Brewing Ass'n, 205 Mo. 638, 104 S.W. 99, 103; Biskup v. Hoffman, 220 Mo.App. 542, 287 S.W. 865, 869; C. I. T. Corp. v. Hume, Mo.App., 48 S.W.2d 154, 157. Even though an instruction is technically correct, if it has a tendency to confuse or lead the jury into a misapplication of the law to the facts it should not be given. Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393, 395, and cases cited; Silliman v. Munger Laundry Co., 329 Mo. 235, 44 S.W.2d 159, 163. It was not error for the court to strike out that portion which told the jury that "there was no evidence in this case that such written assent was given." In Doherty v. Doherty, 155 Mo.App. 481, 134 S.W. 1112, loc. cit. 1114, the trial court struck out the identical words. It was held:

"We believe it would have been proper for the court to have given this instruction as requested. See State ex rel. Smith v. Jones, 83 Mo. App. 151. But we perceive no prejudicial error in modifying it by striking out the words quoted, for the jury knew as well as the court that there

was no evidence in the case that plaintiff had given a written assent to defendant, by which her claims to the property, if any, were surrendered. There was no suggestion of such a matter throughout the evidence, nor was the theory presented that defendant acquired any rights to the property because he used or cared for the same, etc. Indeed, the issue sharply drawn throughout was as to *whether plaintiff owned the property by virtue of having purchased it with her separate means*, or whether the means with which she purchased it were those of defendant, and she acted for him in so doing." (Emphasis ours.)

State ex rel. Smith v. Jones, 83 Mo.App. 151, mentioned in the foreging case and relied upon by appellant, we think is not applicable. There the contest was over property (or the proceeds therefrom) which was given the wife prior to and at the time of the marriage, and it appears the question at issue was whether the husband had rightfully reduced the property to his possession. In the instant case, as stated, the question was whether the husband or whether the wife purchased and became the owner of the property in the first instance.

The final assignment is as to the giving of instruction 3, which was as follows:

"The court instructs the jury that the sole issue to be decided by you in this case is whether or not the property seized by the sheriff in this case is the property of the interpleader, or the property of someone else. Therefore, if you believe from the evidence in this case that the property taken by the sheriff on the execution against A. H. Schoening is the property of A. H. Schoening then you will find the issues for the plaintiff, Otis L. Dowd."

It is said this is an abstract statement which did not hypothesize any facts and afforded no guide to the jury. It told the jury what the issue was and directed a finding. If it was abstract it was aided and explained by the other instructions given in the case and did not send the jury on any roving commission whereby they could return a verdict based on anything other than the evidence in the case. Recently in Patterson v. Thompson, 277 S.W.2d 314, this court cited numerous authorities to the effect that all the instructions are to be read together and that abstract instructions which correctly declare the law and are accompanied by other instructions which properly apply the law to the facts are not error. We think any generality in the use of the word "property" is sufficiently covered by the instructions as a whole.

We find no reversible error and the judgment is therefore affirmed.

McDOWELL, P. J., and STONE, J., concur.