ROBERT MESSER, BY NEXT FRIEND, APPELLANT, v. W. H. GENTRY, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Evidence—Automobiles—Speed—Witness Held Qualified to Testify as to Speed of Car. Fourteen-year-old boy who had driven automobiles for two years, had ridden in automobiles for five years, and had observed speedometers, checked speed of automobiles, and noticed speed at which they moved, was qualified to testify as to speed automobile was traveling at time of accident.

2.—Same—Same—Speed of Car—Nonexpert Witnesses. A nonexpert witness may testify as to speed at which an automobile was traveling at time of accident.

3.—Appeal and Error—Appellate Practice—Refusing to Permit Witness to Answer Question—Objection—Not Reviewable Without Offer of Proof. When an objection to a question is sustained on the ground that it is irrelevant or immaterial, an offer to prove certain facts by the witness must be made and incorporated in the record before the action of the trial court in refusing to permit the witness to answer can be reviewed in the appellate court.

4.—Courts—Appellate Practice—Guided by Rule of State Courts. The Court of Appeals, in passing on question of whether refusal to permit witness to answer question will be reviewed, will follow the rule previously laid down by the courts of this State, notwithstanding adoption of different rule by Federal Courts.

5.—Trial—Automobiles—Action for Injury—Instruction Held Erroneous. In action for injuries to four-year-old child, struck by automobile while crossing street, instruction directing verdict for defendant on finding certain facts, many of which had no bearing on defendant's liability and omitting other essential elements, such as the speed of the car, defendant's ability to stop or slow down and avoid the collision by the highest degree of care, held erroneous.

6.—Same—Defense—Submitting Defense on Part of Material Facts Error. It is error to submit a claim or defense on only a part of the material facts, and direct a verdict if the facts submitted are found to be true.

7.—Negligence—Contributory Negligence—Four-year-old Child Not Capable of. Four-year-old child, struck by automobile while crossing street, could not be guilty of contributory negligence.

8.—Municipal Corporations—Automobiles—Negligence—Degree of Care Required of Driver. Automobile driver, approaching four-year-old child crossing street, was required to exercise the highest degree of care for the safety of the child from the time the child first came into his view.

9.—Same—Same—Same—Driver Liable. Automobile driver whose negligence places his car where four-year-old child runs against it is liable for injuries to child the same as if he had struck the child with the front of his automobile.

10.—Trial—Instructions—Instruction Held Improper as Comment on Weight of Evidence. In action for injuries to four-year-old child, struck by automobile while crossing street, instruction that the mere fact that the collision occurred "at the place and under the circumstances detailed in evidence" was "not of itself evidence of negligence on defendant's part" held erroneous, in that it constituted a comment on the weight of the evidence.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3 CJ, p. 825, n. 53; Courts, 15 CJ, p. 928, n. 69; Motor Vehicles, 42 CJ, p. 1051, n. 84; p. 1053, n. 2 New; p. 1225, n. 79, 80; p. 1277, n. 32; p. 1285, n. 73; Negligence, 29 Cyc, p. 538, n. 70; Trial, 38 Cyc, p. 1331, n. 87; p. 1629, n. 86.

Appeal from the Circuit Court of Jasper County.—Hon. S. W. Bates, Judge.

REVERSED AND REMANDED.

*Frank H. Lee* and *R. A. Pearson* for appellant.

(1) Speed is not a question for experts only. A fourteen-year-old boy who has driven cars often, and ridden with others and observed the speedometer, is amply qualified to testify to the speed at which a car is being driven. Lorenzen v. Railroad, 249 Mo. 187; Flach v. Ball, 240 S. W. 469; Hartman v. Fleming, 264 S. W. 877; State v. Trimble, 250 S. W. 387; Moon v. Transit Co., 237 Mo. 431; Thornton v. Stewart, 240 S. W. 503; Chandla v. Transit Co., 213 Mo. 245; Epstein v. Railroad, 143 Mo. App. 155; 38 Cyc. 1330; Buckstaff v. Russel, 151 U. S. 637; Emerson v. Simpson, 217 S. W. 562. (2) An instruction purporting to cover the entire case must include all the issues raised by the plaintiff's case, and cannot single out certain facts and direct a verdict thereon while ignoring other facts material to the issue. O'Neil v. Kansas City Rys. Co., 239 S. W. 879; Farrar v. Railroad, 249 Mo. 222; Boyer v. Railway Co., 120 Mo. App. 175, pars. 1 and 2; Spindler v. Webb, 276 S. W. 387; Goodwin v. Eugas, 236 S. W. 53 (1 and 6). (3) An instruction must

not select certain items of evidence and state that a certain conclusion does not follow as a matter of law, when in connection with other facts they are competent on the issue. Oleson v. Great N. Railroad, 71 N. W. —; West Chg. Railroad v. Petters, 63 N. E. 662; Walker v. Railroad Co. (Mo.), 178 S. W. 108; Orris v. Railroad, 214 S. E. 124, 279 Mo. 1; Barr v. City, 105 Mo. 557, 11; Walker v. St. Joseph, 231 S. W. 65.

*Haywood Scott* for respondent.

(1) There was no evidence that the speed at which the respondent's car was going (whatever it was), either before or at the time of the accident, had any causal connection with the appellant's accident or injury. There must be a causal connection, a showing of proximate cause. Even negligence creates no liability for an injury not shown to have been caused thereby. Shelton v. Rudd (Mo. App.), 242 S. W. 151, 153; Jackson v. Butler, 249 Mo. 366; Shunk v. Harvey et al. (Mo. Sup.), 223 S. W. 1066, 1069; McDonald v. Crider (Mo. App.), 272 S. W. 980. (2) Where a boy between four and five years old suddenly runs into the street in front of an automobile being driven at a moderate rate of speed and the driver sounds his horn and applies his brakes and the boy stops in the path of the automobile and the driver then starts to pass to the left of the boy who appears to be waiting for the automobile to pass him, but, as the car is passing him, starts running towards it and the driver then turns farther to the left and runs up on an embankment on the left side of the street in an effort to keep the boy from running into the automobile, but the boy runs into the rear bumper or the rear end of the right fender of the automobile and is thereby injured, there is no liability for the injury on the part of the driver and the court should have given the jury an instruction to that effect. Ruschenberg v. Southern Elec. Ry. Co., 161 Mo. 70; Maschek v. St. Louis R. Co., 71 Mo. 276; Hyde v. Hubinger (Conn.), 87 Atl. 790; Lovett v. Scott (Mass.), 122 N. E. 646; Jordan v. Sight Seeing Coach Co. (N. Y.), 113 N. Y. Supp. 786; Stahl v. Sollenberger (Pa.), 92 Atl. 720; Marines v. Motor Del. Co. (N. Y.), 131 N. Y. Supp. 357; Paul v. Clark (N. Y.), 145 N. Y. Supp. 985. (3) Appellant made no offer to show by the fourteen-year-old boy that the speed at which the respondent's car was traveling was in excess of twenty miles per hour or what it was. There is nothing in the record as to what the opinion of the boy was as to the speed of the car and therefore no one can say that the exclusion of his testimony on that question by the trial court was harmful or prejudicial to the appellant. When no offer is made of the facts sought to be elicited by a question, the mere exclusion of an unspoken answer thereto constitutes no error. If this

court should reverse the judgment, it would have no way of knowing but what the Smith boy would answer favorably to the defendant. St. Louis v. Babcock, 156 Mo. 152; Ruschenberg v. Railroad, 161 Mo. 81; Parker v. Holland, 115 Mo. App. 685; Caskey v. City of LaBelle, 101 Mo. App. 598; State v. Goddard, 162 Mo. 228. Where evidence is merely cumulative, its exclusion is not reversible error. Brill v. Eddy, 115 Mo. 606; Roe v. Kansas City, 100 Mo. 190; Gidionsen v. Railroad, 129 Mo. 399; Caskey v. City, 101 Mo. App. 597; Robinson v. St. Joseph, 97 Mo. App. 510; Hicks v. Railroad, 68 Mo. 335; Leavitt v. Miller, 64 Mo. App. 147; Bank v. Longfellow, 96 Mo. App. 394. (4) Where the physical facts positively contradict the oral testimony, the former controls and the jury is not at liberty to consider the oral evidence. Am. Car Company v. Kinderman (Mo.), 216 Fed. 499; M. K. & T. Co. v. Collier (Mo.), 157 Fed. 347; *Certiorari* denied, 52 L. Ed. (U. S.) 920.

COX, P. J.—Action for damages for personal injuries alleged to have been received in an automobile accident. Trial by jury and verdict and judgment for defendant. Plaintiff appealed.

The petition alleged that the plaintiff, Robert Messer, is a child about four years of age and that he was struck and seriously injured by an automobile driven by defendant while on a certain street in the city of Joplin. The negligence alleged is a violation of the ordinances of the city of Joplin and failure to keep a look-out for persons on the street or sound a horn or give any other signal; failure to stop and too great speed.

The answer contained a general denial, which is followed by a long description of the place where the accident occurred and its surroundings and the location of buildings on each side of the street and a full description in detail of what defendant did to avoid striking the child and winds up with the charge that defendant did not strike the child but that the child ran into the rear part of the automobile and received its injury in that way.

We do not deem it necessary to set out the evidence in detail. On the whole it tends to show that defendant was driving north on Schifferdecker avenue in Joplin and the plaintiff was attempting to cross the street in front of the automobile. The defendant turned his car to the left in an effort to get around the child but the rear part of his car struck the child and injured him. A city ordinance forbade a speed of more than twelve miles per hour in the congested district or twenty miles per hour in other parts of the city and made it the duty of drivers of automobiles to exercise all proper care not to injure pedestrians. Other facts may be alluded to later.

The errors assigned are that the court erred in excluding testimony offered by plaintiff and in giving instructions on part of

220 Mo. App.—82.

defendant. The alleged error in excluding testimony offered by plaintiff rests on the following facts: A witness, Benjamin Smith, a boy fourteen years of age, saw the accident and when testifying on behalf of plaintiff, he was asked to state his judgment as to the speed at which the car of defendant was travelling at the time of the accident. An objection was made on the ground that the witness had not shown himself competent or qualified to answer the question. The witness was then examined as to his knowledge of automobiles and his qualifications to judge of their speed. From this examination it was shown that he had been driving cars about two years, had ridden in cars for five years and had observed the speedometers and checked the speed of the cars and noticed the speed at which they were moving. Notwithstanding all this the court held that he had not shown himself qualified to judge of the speed of an automobile and sustained the objection and the witness was not permitted to testify on that question. That was clearly error from any point of view. If no one but an expert were permitted to give an opinion on the question of the speed of an automobile from seeing it move we should be inclined to say that this witness was qualified as an expert, but a witness is not required to be an expert to be qualified to testify on that question. Our Supreme Court in discussing this question in State v. Watson, 216 Mo. 420, 433, 115 S. W. 1011, said: 'The rate of speed at which an automobile is running is not a matter exclusively for the testimony of experts. . . . The only reasonable settlement of that question is to hold that witnesses who at least know what an automobile is and have seen them operated might give their opinions as to the rate of speed. As to the weight to which such opinions are entitled, that is a matter entirely for the jury. [See, also, Kleckamp v. Lautenschlaeger, 305 Mo. 528, 538, 266 S. W. 470; Flach v. Ball, 209 Mo. App. 389, 405, 240 S. W. 465; Burke v. Shaw Transfer Co., 211 Mo. App. 353, 243 S. W. 970.]

When the objection to the competency of this witness to testify on the question of the speed of the automobile was sustained exception was saved by appellant but no statement made to the court as to what the expected answer of the witness would be. Respondent contends that since no offer of proof was made the action of the court in holding the witness incompetent to testify cannot be reviewed by this court. The general rule in this State is, that when an objection to a question propounded to a witness is sustained on the ground that it is irrelevant or immaterial, an offer to prove certain facts by the witness must be made and incorporated in the record before the action of the trial court in refusing to permit the witness to answer can be reviewed in the appellate court. This rule has always obtained in this State. [Bank of Slater v. Union Station Bank, 283 Mo. 308, 314, 222 S. W. 993.] Dozens of other cases to the same effect could be cited.

Our attention has been called to the rule in the Federal Courts as set forth in Buckstaff v. Russell & Co., 151 U. S. 626, where, at page 637, the U. S. Supreme Court, in discussing the same question, stated the rule to be as follows: "If the question is in proper form and clearly admits of an answer relevant to issues and favorable to the party on whose side the witness is called, it will be error to exclude it. Of course, the court, in its discretion, or on motion, may require the party in whose behalf the question is put to state the facts proposed to be proved by the answer, but if that be not done, the rejection of the answer will be deemed error or not according as the question upon its face, if proper in form, may or may not clearly admit of an answer favorable to the party in whose behalf it is propounded." That rule has much to commend it. Its chief merit, as we view it, lies in the fact that in fairness to the attorney asking the question the court should indulge the presumption that he had properly prepared his case for trial and knew what answer to expect from the witness, and knew that if permitted to answer, the witness would state some material fact favorable to his side of the case, and he should not be required to state what he expected to prove by the witness unless asked to do so by the court or opposing counsel. Our own courts, however, have followed a different rule and have placed the duty upon the attorney to inform the court what he expected to prove by the witness whether asked to do so or not.

Appellant has suggested that when an objection is sustained on the ground that the witness is incompetent to testify in relation to the matter inquired about, and not on the ground that the question called for immaterial testimony, then the rule that offer of proof must be made does not apply. That is true in some jurisdictions. [38 Cyc. 1331; Force v. Smith, 1 Dana (Ky.) 151; N. Y. Mutual Life Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. 594.] Our courts, however, do not seem to make that distinction. [Hickman v. Green, 123 Mo. 165, 179, 22 S. W. 455; Kischman v. Scott, 166 Mo. 214, 226, 65 S. W. 1031; Fowler v. Stone, 226 S. W. 995; Ternetz v. St. Louis Lime & Cement Co., 252 S. W. 65, 68.] Upon the authority of the cases cited, which establish the rule in this State and by which we are bound, we must hold that appellant cannot have the action of the trial court in sustaining the objection to the question asked the witness, Benjamin Smith, above referred to, reviewed in this appeal although it is clear that the court erred in sustaining the objection.

On the part of plaintiff the court submitted the case to the jury on both primary negligence and the humanitarian rule. The jury were also told that the plaintiff, Robert Messer, was not responsible for his own actions and cannot be held therefor. These instructions seem to be fair enough.

Appellant attacks the instructions given on part of defendant. Instruction "A" for defendant tells the jury that if they should find that defendant was driving his automobile north in the city of Joplin on Schifferdecker avenue, etc. It then calls for a finding as to the location of certain buildings on the street and that Robert Messer ran out of a store on the east side of the street and started to run across the street in front of the defendant's automobile and that defendant then sounded his horn and slowed down his automobile and that then said Robert Messer by his actions led the defendant to believe that he, the said Robert Messer, was either going to stop on the east side of said Schifferdecker avenue or turn back out of the path of said automobile and that defendant thereupon turned his said automobile to the left to pass said Robert Messer on the west of the center of said street and that thereupon said Robert Messer started running in a southwesterly direction toward defendant's automobile and that thereupon defendant turned his said automobile out of said street onto an embankment on the west side of the street for the purpose of avoiding the collision with said Robert Messer but that said Robert Messer ran into the rear part of defendant's automobile and collided with the rear part of said automobile in such a manner that he was knocked down and had one of his legs broken then the jury will find the issues in favor of the defendant. This instruction follows in detail pretty closely the evidence of defendant himself and in effect amounts to a direction to the jury that if they should belive his testimony they should find for him. It directs a verdict for defendant on finding certain facts, many of which have no bearing at all on the liability of defendant, and omits other very essential elements, such as the speed of the automobile and ability to stop or slow down and avoid the collision by the exercise of the highest degree of care. It is error to submit a claim or defense on only a part of the material facts and direct a verdict if the facts submitted are found to be true. [Farrar v. Metropolitan St. Ry. Co., 249 Mo. 210, 222, 155 S. W. 439; Boyce v. Chicago & A. R. Co., 120 Mo. App. 168, 175, 96 S. W. 670; Spindler v. Webb, 276 S. W. 387.]

This instruction omitted all reference to the care exercised by defendant but directed a verdict for defendant if they believed that the child, which, because of its tender years was irresponsible, had, by its actions, led defendant to believe that it intended to stop or turn back. This would mean to the jury that if defendant, as he testified, thought the child would stand still or turn back and the child did not do either but attempted to cross the street in front of defendant, then the verdict should be for defendant. That took away from the jury the right to determine whether the action of defendant in that regard constituted the highest degree of care. It was the duty of the defendant to exercise the highest degree of care for the

safety of the child from the time it first came into his view and no instruction which omitted that requirement on his part should have been given.  This instruction also excuses defendant if this child, which as already said, was irresponsible, ran into the rear part of defendant's car.  That is equivalent to saying that if the child was guilty of contributory negligence it could not recover, an impossible doctrine under the facts in this case.  If defendant's negligence placed his car where the child ran against it, he would be responsible the same as if he had struck the child with the front of the car.

Defendant's Instruction E was as follows:

"The jury are instructed that the defendant was not an insurer of the plaintiff, and even if the jury find from the evidence that the plaintiff was injured as a result of collision between plaintiff and defendant's automobile, such finding alone is not sufficient to entitle the plaintiff to recover any damages from the defendant in this case, the jury must find from the evidence that the defendant was guilty of negligence as defined in these instructions and that such negligence upon defendant's part caused such collision and that plaintiff was injured thereby; *and in this connection the jury are instructed that the mere fact that there was a collision between plaintiff and defendant's automobile and that such collision occurred west of the center* of Schifferdecker *avenue at the place and under the circumstances detailed in evidence, is not of itself evidence of negligence on defendant's part of which the jury could return a verdict against the defendant.*"  (The italics are ours.)  The latter part of this instruction which we have italicized should have been omitted.  It was a comment on the evidence and calculated to minimize the weight and effect of that evidence.  It says that the mere fact that the collision occurred on the west of the center of the street "at the place and under the circumstances detailed in evidence" was not of itself evidence of negligence on part of defendant.  That was equivalent to directing a verdict for defendant for if the occurrence of the collision "under the circumstances detailed in evidence" did not show negligence on the part of defendant, the plaintiff could not recover regardless of where the collision took place.

Upon a re-trial all matters having no bearing on the issues should be omitted from the instructions and the issue of whether defendant's failure to exercise the highest degree of care caused the injury should be submitted in a plain way that can be readily understood by the jury and all matters calculated to mislead or confuse them should be omitted.

For error noted the judgment will be reversed and the cause remanded.  *Bradley* and *Bailey, JJ.,* concur.