**John H. WARE, d/b/a Twin City Motors, Appellants,**

v.

**Richard L. McDANIEL, Respondent.**

No. WD 49301.

Missouri Court of Appeals,
Western District.

June 6, 1995.

John R. Campbell, Jr., Loughlin, Johnson, Campbell & Martin, Kansas City, for appellants.

K. Colleen Nunnelly, Nirmal K. Roy, UAW Legal Services Plan, Liberty, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

John Ware appeals the judgment in conversion based on his unauthorized possession of Richard McDaniel's truck. The judgment was for actual damages of $2790 and punitive damages of $10,000.[1]

In June 1985, Mr. McDaniel took his 1971 Ford truck to Mr. Ware for engine and transmission repair. On October 27, 1985,

---

1. Mr. Ware does not contest the punitive damage award as a point on appeal.

Mr. McDaniel paid Mr. Ware $790 for the repairs and departed Mr. Ware's place of business in the vehicle. That same day, the truck broke down in Independence, Missouri. Mr. McDaniel called Mr. Ware, advised him that the truck had broken down, and gave him the location of the truck. Mr. Ware promised to tow the vehicle. The next day, Mr. McDaniel called Mr. Ware regarding his truck and was told by Mr. Ware that he was unable to find it. After searching the salvage yards and tow services, Mr. McDaniel filed a theft report with the Independence Police Department. The police were not able to locate the truck.

In May 1993, Mr. McDaniel spotted his truck in Mr. Ware's car lot. It was not for sale but was being used around the lot. Mr. McDaniel called the police, and they verified that the truck on Mr. Ware's lot had the same identification number as Mr. McDaniel's missing truck.

Certified records of the Missouri Department of Revenue, Motor Vehicle Bureau, showed that from August 1991 to July 1992, Mr. Ware made numerous attempts to obtain a Missouri duplicate title to the truck in the name of Kenneth Thomas. Mr. Ware even noted his dealership, Twin City Motors, as a lienholder on one of the title applications. Mr. Thomas, a resident of St. Joseph, Missouri, had owned the truck from September 1971 to June 1978. Mr. Thomas' wife testified at trial that the signatures on the duplicate title application and affidavit were not those of her husband. She also testified that her husband had never had any dealings with Mr. Ware or his dealership. Furthermore, Ruby Bales is shown as the notary public who notarized Mr. Thomas' signature on the title application and affidavit. Certified statements from the Missouri and Kansas Secretary of State offices showed that there was no record of Ruby Bales ever being a notary in either state.

Mr. Ware testified that he had bought the truck in 1991 along with four others from Richard Thomas, a car dealer in St. Joseph. Thereafter, several automobile titles including the title of the truck were stolen in a break-in at Twin City Motors. Mr. Ware then attempted to obtain a duplicate Missouri title in the name of Kenneth Thomas. Mr. Ware also testified that he knew Ruby Bales, that she was deceased at the time of trial, and that she had put her seal on his title applications.

The trial court found that Mr. Ware's actions constituted fraudulent tortious taking of Mr. McDaniel's property and awarded Mr. McDaniel actual damages of $2790 and $10,000 in punitive damages.

## I

For his first two points on appeal, Mr. Ware claims that (1) the trial court erred in overruling his motion for directed verdict at the close of plaintiff's evidence, and (2) the judgment of the trial court was against the weight of the evidence. He argues that there was no direct evidence that he wrongfully converted Mr. McDaniel's truck.

This was a court-tried case. Therefore, Mr. Ware's motion for directed verdict will be considered to be a motion for a judgment pursuant to Rule 73.01. *See Cave v. Cave,* 593 S.W.2d 592 (Mo.App.1979). Rule 73.01 provides that "[a]fter the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief." Rule 73.01(a)(2). "The trial court is to weigh the evidence, resolve conflicts, and on that basis rule the motion." *Cave v. Cave,* 593 S.W.2d 592, 595 (Mo.App.1979).

An appellate court will not set aside the judgment of the trial court unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In a court-tried case, the judgment of the trial court is presumed to be correct. *Cave,* 593 S.W.2d at 595. The trial court is the trier of fact and may believe or disbelieve all or any part of any witness's testimony. *Law v. Law,* 833 S.W.2d 17 (Mo.App.1992). An appellate court should only exercise the power to set aside a judgment on the ground that it is "against the weight of the evidence" with

caution and with a firm belief that the judgment is wrong. *Murphy*, 536 S.W.2d at 32.

 Conversion is the "unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *NIKA Corp. v. City of Kansas City*, 582 F.Supp. 343, 354 (W.D.Mo.1983). It may be proved in one of three ways: (1) by tortious taking; (2) by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to rights of owner; or (3) by refusal to give up possession to owner on demand. *Lacks v. R. Rowland & Co., Inc.*, 718 S.W.2d 513, 517 (Mo.App.1986). Intent to convert may be inferred from the facts and circumstances. *Id.*

 Essential facts may be proved by circumstantial evidence so long as the desired inference is established with such certainty to cause it to be the more reasonable and probable of conclusions to be drawn. *Rusk Farms, Inc. v. Ralston Purina Co.*, 689 S.W.2d 671, 680 (Mo.App.1985). Furthermore, proof by circumstantial evidence must rise above the stature of guesswork, speculation or surmise. *Id.*

 Mr. Ware claims that there is no direct evidence that he converted Mr. McDaniel's truck. He argues that the credible evidence established that he purchased the truck in good faith in 1991, six years after its unexplained disappearance. At trial, he testified that he bought the truck from Richard Thomas and paid by check. Soon after, he claimed the title to the truck was stolen from his dealership. Mr. Ware, however, failed to produced his cancelled check, a bill of sale, or a theft report. Additionally, he admitted that he tried to obtain title to the truck from the Motor Vehicle Bureau. He claimed Richard or Kenneth Thomas signed the title application and Ruby Bales notarized it. Kenneth Thomas's wife testified that the signature on the title application was not that of her husband. Furthermore, no record of Ms. Bales being a notary public in Missouri or Kansas was found. It is clear from the record that the trial court chose to disbelieve Mr. Ware's depiction of the facts. The facts established that Mr. Ware repaired Mr. McDaniel's truck before it disappeared, that Mr. Ware was told the location of the truck before it disappeared, that the truck was found in Mr. Ware's possession eight years later, and that Mr. Ware could not account for how he came into possession of it. The facts are sufficient to support an inference that Mr. Ware possessed and used Mr. McDaniel's truck inconsistently with Mr. McDaniel's ownership rights. The judgment of the trial court was not against the weight of the evidence.

Points one and two are denied.

## II

 Mr. Ware claims in his last point that the trial court erred in awarding actual damages of $2790. He argues that the award allowed Mr. McDaniel to recover for the fair market value of his truck in "good repair" and also for monies paid to Mr. Ware for the repairs. He also claims that no evidence supported the award for loss of use of the truck.

Mr. McDaniel testified that the fair market value of the truck was $1000 in good repair. He also testified that he paid Mr. Ware $790 for repairs to the truck. Additionally, he testified regarding his loss of use of the truck and asked for $1000.

 Generally, the measure of damages for conversion of personal property is the reasonable market value at the time of conversion. *Lacks v. R. Rowland & Co., Inc.*, 718 S.W.2d 513, 520 (Mo.App.1986) (citing *Breece v. Jett*, 556 S.W.2d 696, 709 (Mo. App.1977)). Consequential damages such as loss of use and lost profits are limited in a conversion case to the period it would take a reasonable person to replace the converted item. *Southern Missouri Bank v. Fogle*, 738 S.W.2d 153, 158 (Mo.App.1987) (citing *NIKA Corp. v. City of Kansas City, Missouri*, 582 F.Supp. 343, 366 (W.D.Mo.1983)).

Evidence presented at trial showed that Mr. McDaniel's truck had a fair market value of $1000 in good repair at the time of the conversion. The evidence, however, was insufficient on the loss of use claim. Mr. McDaniel merely testified that he was seeking damages for loss of use in the amount of

$1000. He did not present any evidence regarding the length of time it took him to replace his converted truck. The evidence, therefore, was insufficient to determine the reasonableness of the time or an award of damages for loss of use. The trial court erred in awarding Mr. McDaniel actual damages of $2790. Mr. McDaniel is entitled to $1000 in actual damages for the market value of the truck.

The judgment is affirmed as modified.

All concur.