**Alvin WILLMAN, Respondent,**

v.

**Homer WALL, Appellant.**

**No. WD 57249.**

Missouri Court of Appeals,
Western District.

March 14, 2000.

---

7. The motion of the Missouri Ethics Commission to stay distribution of absentee ballots pending appeal is denied.

Keith Wayne Ferguson, St. Joseph, for appellant.

James Albert Montee, St. Joseph, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ROBERT G. ULRICH, Judge.

Homer Wall appeals the judgment of the trial court entered in favor of Alvin Willman in the amount of $180,000 in Mr. Willman's action for personal injuries and property damages arising out of a February 16, 1997 automobile accident. Mr. Wall claims that the trial court erred in excluding the testimony of Erica Wall, Mr. Wall's eleven-year-old daughter, regarding the speed of Mr. Willman's vehicle at the time of the accident. Mr. Wall also claims that the trial court erred in denying his motion for a new trial or remittitur. The judgment of the trial court is affirmed.

On the afternoon of February 16, 1997, Alvin Willman was travelling south on I–29 a few miles south of St. Joseph when the vehicle he was driving was struck in the rear by a vehicle driven by Homer Wall. Mr. Willman was driving a 1986 extended cab Ford pickup truck and towing a 1977 orange Ford van. Mr. Wall was driving a 1988 Oldsmobile. Mr. Wall's nine-year-old daughter, Erica, was a passenger in the front seat of his car at the time of the accident.

The maximum speed limit on I–29 at the time of the accident was 70 mph. The minimum speed limit was 40 mph. Just prior to the accident, Mr. Wall was driving 70 mph. He and Erica were playing a word game. The object of the game was to find letters of the alphabet on road signs along the highway. Mr. Wall first saw the van being towed by Mr. Willman a quarter of a mile ahead of him as he approached it. He did not believe the van was travelling any slower than his car. He testified that he looked away from the highway to continue the word game with Erica, and when he looked back one second before the accident, the van was less than 100 feet in front of his car. Mr. Wall applied the brakes, but his car struck the rear of the van. Mr. Willman testified that he was driving 50 mph at the time of the collision. Mr. Wall estimated that Mr. Willman was driving 20 to 40 mph when his car collided with the van. One witness

to the accident estimated that Mr. Willman was driving between 40 and 50 mph when his van was struck by Mr. Wall's car. A second witness estimated that Mr. Willman was driving 55 mph or less when his van was hit.

Mr. Willman experienced some neck pain immediately after the accident but did not seek medical treatment that day. He did see a chiropractor the day after the accident when his neck pain worsened, and the chiropractor diagnosed a cervical sprain/strain. A month and a half later in April 1997, Mr. Willman again sought treatment from his chiropractor for neck pain and pain in his right arm. An MRI performed on his neck revealed a herniated disk.

At the time of trial, Mr. Willman continued to have range of motion difficulties, neck stiffness, and pain, was less physically active, and had difficulty performing his job as a plumber. He had incurred medical bills totaling $8,427. Surgeries for his neck and wrist had been presented as options to Mr. Willman. The estimated cost of the surgeries was $23,500 for his neck and $8,000 for his wrist. Mr. Willman estimated that he would lose $10,000 in wages if the surgeries were performed. Prior to the accident, Mr. Willman's pickup had a fair market value of $6,000 to $7,000. After the accident, it was worth $100.

At trial, the court submitted to the jury the issue of Mr. Willman's comparative fault for operating his vehicle at a speed of less than 40 mph on the interstate. The jury returned a verdict assessing 100% fault to Mr. Wall and awarding Mr. Willman damages of $172,000 for his personal injuries and $8,000 for property damages. The court entered judgment for Mr. Willman in the amount of $180,000 plus costs. This appeal followed.

## I.

In his first point on appeal, Mr. Wall claims that the trial court erred in excluding the testimony of Erica Wall, Mr. Wall's eleven-year-old daughter, regarding the speed of Mr. Willman's vehicle at the time of the accident. Erica was nine years old when the accident occurred. The trial court excluded Erica's testimony of her estimation of the speed Mr. Willman's vehicle was traveling immediately prior to impact for lack of foundation. Mr. Wall contends that Erica was sufficiently qualified to estimate the speed of Mr. Willman's vehicle. Erica was allowed to testify as to other issues in the case.

■■■ A trial court's decision as to the admissibility of evidence is shown substantial deference on appeal. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). Such decision will not be disturbed on appeal absent a showing of abuse of discretion. *Id.* Where evidence is excluded, the issue is not whether the evidence was admissible but whether the trial court abused its discretion. *Still v. Ahnemann*, 984 S.W.2d 568, 572 (Mo.App. W.D.1999); *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 653 (Mo.App. E.D.1997). Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful deliberate consideration. *Oldaker*, 817 S.W.2d at 250. If reasonable people can differ about the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion. *Newman v. Ford Motor Co.*, 975 S.W.2d 147, 151 (Mo. banc 1998).

■■■ The rate of speed at which an automobile is moving is not a matter exclusively for the testimony of experts. *Messer v. Gentry*, 220 Mo.App. 1294, 290 S.W. 1014 (Mo.App.1927). Any person of ordinary ability and intelligence having the means or opportunity of observation is competent to testify to the rate of speed of a moving vehicle. *Hewitt v. City of Kansas City*, 761 S.W.2d 679, 681 (Mo.App. W.D.1988); *Ramirez v. Miska*, 304 Minn. 4, 228 N.W.2d 871, 874 (Minn.1975); 31 AM.JUR.2D *Expert and Opinion Evidence*

§ 119 (1989). The brevity of a witness's observation of a vehicle does not destroy the admissibility of the witness's estimate of speed; rather, it goes to the weight and value of the witness's testimony. *Vaeth v. Gegg*, 486 S.W.2d 625, 627 (Mo.1972); *Hewitt*, 761 S.W.2d at 681.

■ In Mr. Wall's offer of proof, eleven-year-old Erica testified that she did not have a driver's license and had never driven an automobile. She stated that she had occasionally looked at the speedometer of a moving car before the day of the accident but could only recall one instance. In that case, the car was travelling between 70 and 75 mph. She admitted that she could not recall a time when she observed the speedometer of a car travelling less than 40 mph. Erica further testified that shortly before the accident, she looked at the speedometer on her father's car and noticed that her father was driving between 65 and 70 mph. She stated that she saw the van that her father's car struck "maybe a second or less" before the accident. Regarding the speed of Mr. Willman's vehicle, Erica testified as follows:

Q (Defendant's Counsel): Can you give me an estimate based upon your observation of the speed of the van as to how fast it was going in relation to the speed that your father's car was going?

A (Erica): Probably half the time, the speed that my dad was going.

Q: Tell us again how fast your father's vehicle was going just prior to the accident?

A: Between 65 and 70.

Q: Which would mean that based upon your observation the speed of the van was how much prior to the accident?

A: Probably 35 miles.

Q: Is that your best estimation?

A: Yeah.

During cross-examination, the following colloquy occurred:

Q (Plaintiff's Counsel): How fast was the van going? Do you, do you know how fast it was going?

A (Erica): I was guessing around 35 to 40.

Q: Okay.

A: Because we, there was nobody in front of us when, when he [Mr. Wall] looked over. I mean—

Q: And why are you guessing that?

A: Because he didn't look off the road for like very long and there was like nobody in front of us, and it was a clear way, so—it—all I know is it was going really slow.

Q: Okay. But the actual speed is just a guess, right?

A: It's just a guess.

Following the offer of proof, the trial court sustained Mr. Willman's objection to Erica's testimony concerning the speed of his vehicle based on lack of foundation. The court based its ruling on "the very slight amount of time in which the witness observed" Mr. Willman's vehicle and her "lack of experience regarding speed" noting that Erica had never driven a car and rarely paid attention to vehicle speed. The trial court did not abuse its substantial discretion in excluding Erica's testimony on the issue of the speed of Mr. Willman's vehicle at the time of the accident. The ruling that Erica was not qualified to estimate the speed of Mr. Willman's vehicle was not so arbitrary and unreasonable as to shock the sense of justice and did not indicate a lack of careful consideration by the trial court. In this case, reasonable people could differ about the propriety of the trial court's action. The trial court, therefore, did not abuse its discretion. Point one is denied.

## II.

In his second and third points on appeal, Mr. Wall claims that the trial court erred in denying his motion for new trial or remittitur. Mr. Wall contends in his second point that the verdict should have been set aside and a new trial ordered because the $180,000 verdict was so exces-

sive as to demonstrate bias, passion, and prejudice on the part of the jury. In his third point, Mr. Wall argues that the trial court should have granted remittitur because the verdict exceeded fair and reasonable compensation for Mr. Willman's injuries.

The assessment of damages is primarily a function of the jury. *Emery v. Wal–Mart Stores, Inc.,* 976 S.W.2d 439, 448 (Mo. banc 1998). A trial court has great discretion in approving a verdict or setting it aside as excessive. *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 174 (Mo.App. W.D.1997). An appellate court, therefore, "will interfere only when the verdict is so grossly excessive that it shocks the conscience of the court and convinces the court that both the jury and the trial court abused their discretion." *Id.* (quoting *Fust v. Francois,* 913 S.W.2d 38, 49 (Mo.App. E.D.1995)).

An excessive verdict resulting from jury bias and prejudice requires a new trial. *Letz,* 975 S.W.2d at 175; *Barnett v. LaSociete Anonyme Turbomeca France,* 963 S.W.2d 639, 655 (Mo.App. W.D.1997), *cert. denied,* 525 U.S. 827, 119 S.Ct. 75, 142 L.Ed.2d 59 (1998). A new trial based on an excessive verdict will only be granted upon a showing of trial court error. *Letz,* 975 S.W.2d at 175. The size of the verdict alone will not establish jury bias, passion, or prejudice. *Id.* "The complaining party must show that the verdict, viewed in the light most favorable to the prevailing party, was glaringly unwarranted and that some trial error or misconduct of the prevailing party was responsible for the prejudicing the jury." *Id.*

Mr. Wall has failed to demonstrate that trial court error or misconduct of Mr. Willman was responsible for prejudicing the jury. He suggests that the exclusion of Erica's testimony regarding the speed of Mr. Willman's vehicle at the time of the accident constituted trial court error and that without such evidence, his own testimony concerning the speed of Mr.

Willman's vehicle was uncorroborated, and, therefore, the jury was biased against him. As previously discussed in point one above, the trial court did not abuse its discretion in excluding Erica's testimony on the issue of the speed of Mr. Willman's vehicle. Having failed to show that trial court error was responsible for the $180,-000 verdict, Mr. Wall was not entitled to a new trial. The verdict is, therefore, reviewed for simple excessiveness.

Remittitur may be ordered where the jury errs by awarding a verdict that is simply too bountiful under the evidence. *Id.* A new trial is not required because the jury is culpable only of an honest mistake as to the nature and extent of injuries, not of misconduct. *Id.* Remittitur is appropriate "if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages." § 537.068, RSMo 1994.

No precise formula exists for determining whether a verdict is excessive, and each case must be considered on its own facts. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 211 (Mo. banc 1991). Ultimately, the test is what amount fairly and reasonably compensates the plaintiff for the injuries sustained. *Id.* Consideration is given to the nature and extent of the injuries, diminished earning capacity, economic conditions, plaintiff's age, and a comparison of the compensation awarded in cases of comparable injury. *Id.*

In this case, substantial evidence supports the jury's verdict. Mr. Willman sustained a herniated disk from the February 1997 automobile accident. He incurred medical bills totaling $8,427. Future surgeries on his neck and wrist were estimated to cost $23,500 and $8,000, respectively. Mr. Willman estimated that he would lose $10,000 in wages if he had the surgeries. Evidence was presented that at the time of trial, Mr. Willman continued to

experience range of motion difficulties, neck stiffness, and pain, was less physically active, and had some difficulty in performing his job as a plumber. The fair market value of Mr. Willman's pickup was $6,000 to $7,000 prior to the accident and $100 after the accident. Based on the evidence of Mr. Willman's injuries, expenses, future expenses, pain, and property damage, the $180,000 verdict was not excessive. Moreover, the verdict was comparable with the compensation awarded in other cases. *See, e.g., Emery v. Wal–Mart Stores, Inc.,* 976 S.W.2d 439 (Mo. banc 1998); *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202 (Mo. banc 1991); *Stradford v. Caudillo,* 972 S.W.2d 483 (Mo.App. W.D. 1998). Remittitur, therefore, was not appropriate. The trial court did not abuse its discretion in denying Mr. Wall's motion for new trial or remittitur. Points two and three are denied.

The judgment of the trial court is affirmed.

LAURA DENVIR STITH, P.J. and SMART, J. concur.