Michael ARMON and Jeffrey
Williams, Respondents,

v.

Carl and Vera GRIGGS, Appellants.

No. WD 59138.

Missouri Court of Appeals,
Western District.

Nov. 20, 2001.

Richard P. Beard, Esq., Andrew C. Webb, Esq., Sedalia, for appellants.

William E. Shull, Jr., Esq., Liberty, for respondents.

Before HARDWICK, P.J., TURNAGE, S.J. and MORAN, S.J.

WILLIAM E. TURNAGE, Senior Judge.

Carl and Vera Griggs appeal from the judgment entered on a jury verdict in favor of Michael Armon in his action for wrongful eviction and conversion. Mr. Armon sued the Griggses after Mr. Griggs changed the locks on the building Mr. Armon was leasing for use as a bar. On appeal, Mr. and Mrs. Griggs raise several arguments, only one of which is of import. The judgment of the trial court is affirmed upon remittitur; otherwise reversed and remanded for new trial on the issue of damages.

**Facts**

Carl and Vera Griggs leased a building to Michael Jarman for use as a bar. At some point, Mr. Jarman decided to put his bar up for sale. Jeff Williams, hearing of the sale, contacted Mr. Jarman and, after negotiation, entered into an agreement for the purchase of the bar. The agreement between Mr. Jarman and Mr. Williams was contingent upon Mr. Williams' acquisition of a liquor license. When the City of Excelsior Springs denied Mr. Williams a liquor license, Mr. Williams contacted a friend, Michael Armon, and proposed that Mr. Armon purchase and manage the bar, using Mr. Williams as his advisor. Mr. Armon agreed and thereafter purchased the business from Mr. Jarman. Mr. Armon also entered into a lease agreement with Mr. and Mrs. Griggs for the building that housed the bar.

In April of 1998, Mr. Armon was cited for a liquor violation and as a result was ordered to shut down the bar. Soon afterwards, Mr. Armon and Mr. Williams met with Mr. Griggs to inform him that they would be late in making payment on rent but that they would pay as soon as possible and continue paying rent thereafter. Mr. Armon then left town for two weeks to visit his father. Upon his return, Mr. Armon discovered that the locks had been changed at the bar. After several attempts to contact Mr. and Mrs. Griggs, Mr. Armon filed suit.[1] Eventually, the Griggses permitted Mr. Armon to go back into the bar, by this time, however, "[a]lmost every item of value was missing."

The case was submitted and the jury returned verdicts in favor of Mr. Armon awarding him $52,290 on count I for wrongful eviction, $92,365 on count III for conversion, and $1 in punitive damages on count III for conversion. The trial court entered judgment consistent with the verdicts. Mr. and Mrs. Griggs then filed a motion for new trial or in the alternative

---

1. Jeffery Williams was also named as a plaintiff but was dropped from the verdict director at the suggestion of the trial court.

for remittitur, which the trial court overruled.[2] This appeal followed.

■ In points one, four, and six on appeal, Mr. and Mrs. Griggs assert error in the trial court's denying them a new trial on the ground that the jury verdict was against the weight of the evidence. Weighing evidence is a trial court function. *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App. W.D.1993). This court may not rule on the weight of the evidence in a jury-tried case. *Id.* Points one, four, and six are denied.

■ In point two, Mr. and Mrs. Griggs challenge the sufficiency of the evidence on Mr. Armon's conversion claim. The Griggses did not, however, move for a directed verdict at the close of all the evidence. Thus, they have failed to preserve this issue for review. *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 163 (Mo.App. W.D.1997). Point two is denied.

In point three, Mr. and Mrs. Griggs assert that the trial court erred in denying their motion for new trial or remittitur because the verdict on count III for conversion was excessive.

■ The assessment of damages is primarily a function of the jury. *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 448 (Mo. banc 1998). A trial court has great discretion in approving a verdict or setting it aside as excessive. *Letz*, 975 S.W.2d at 174. An appellate court, therefore, "will interfere only when the verdict is so grossly excessive that it shocks the conscience of the court and convinces the court that both the jury and the trial court abused their discretion." *Id.* (quoting *Fust v. Francois*, 913 S.W.2d 38, 49 (Mo. App. E.D.1995)).

■ Complaint of an excessive jury verdict, standing alone, does not entitle a defendant to relief in the form of a new trial. *Elfrink v. Burlington N. R.R. Co.*, 845 S.W.2d 607, 614 (Mo.App. E.D.1992). "The defendant must establish that the excessive verdict was in fact the product of bias and prejudice by showing that the verdict was 'glaringly unwarranted' by the evidence and that some trial error or misconduct by the prevailing party was responsible for prejudicing the jury against the defendant." *Id.*

■ Here, the Griggses have not alleged any trial error or misconduct by the prevailing party that would have had the effect of prejudicing the jury. The Griggses merely claim that the verdict was excessive. Thus, the trial court did not abuse its discretion in overruling the Griggses motion for new trial.

■ This court now considers whether the trial court erred in overruling the Griggses motion for remittitur. Remittitur may be ordered where the jury errs by awarding a verdict that is simply too bountiful under the evidence. *Willman v. Wall*, 13 S.W.3d 694, 699 (Mo.App. W.D.2000). A new trial is not required because the jury made an honest mistake as to the nature and extent of damages. *Id.* Remittitur is appropriate "if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's ....damages." § 537.068.[3]

■ In this case, Mr. Armon prayed for "a money judgment equal to the amount of property ....converted." Several dollar figures were adduced from the

---

**2.** The motion was overruled when the trial court did not rule on the motion within ninety days. Rule 78.06.

**3.** All statutory references are to RSMo 2000.

witnesses at trial. Based on this court's review of the record, the only one of any significance, however, was $37,365, the amount Mr. Williams, plaintiff's witness, testified was the total sum for the property that was either not recovered or was beyond economic repair as a result of the conversion. Thus, $37,365 was the maximum amount that Mr. Armon could recover in an action for conversion, as it was the "reasonable market value [of the property] at the time of conversion." *Ware v. McDaniel,* 899 S.W.2d 170, 173 (Mo.App. W.D.1995). Mr. Armon was not entitled to any consequential damages because he did not present evidence to support such damages. *Id.* The jury awarded Mr. Armon $92,365 in actual damages on count III for conversion, an amount in excess of that actually supported by the evidence. Remittitur, therefore, was necessary. Thus, it was an abuse of discretion for the trial court to deny Mr. and Mrs. Griggs' motion for remittitur.

■ Lastly, in point five, Mr. and Mrs. Griggs allege the trial court erred in entering an award for punitive damages in the amount of $1 to Mr. Armon. Mr. and Mrs. Griggs argue that punitive damages are not usually awarded in wrongful eviction cases absent proof of an independent tort. Mr. and Mrs. Griggs' argument is misplaced. The jury awarded punitive damages on count III for conversion, not on count I for wrongful eviction. Such an award was permissible. *See Walker v. Hanke,* 992 S.W.2d 925, 937 (Mo.App. W.D.1999). Point five denied.

In conclusion, the verdict on count III for conversion of $92,365 exceeds fair and reasonable compensation for Mr. Armon's damages. § 537.068. The award is excessive in the amount of $55,000.

■ An appellate court may not compel remittitur; it may only order a party plaintiff to remit or experience the burden

and expense of a new trial. *Letz,* 975 S.W.2d at 180. If Mr. Armon, therefore, enters a remittitur of $55,000 of the judgment against Mr. and Mrs. Griggs within fifteen days after the filing of this court's mandate, that judgment will stand affirmed for $37,365 as of the date of its original entry; otherwise, that judgment is reversed and the cause remanded for a new trial on the issue of damages only.

HARDWICK, P.J., and MORAN, S.J., concur.