THE CADLE COMPANY, Appellant,

v.

Barbara E. SHEARER and Barbara J. Couvion, Respondents.

No. WD 59935.

Missouri Court of Appeals, Western District.

Feb. 26, 2002.

Thomas J. Fritzlen, Jr., Kansas City, for Appellant.

Jeffrey S. Bay, Kansas City, for Respondent.

Before LOWENSTEIN, P.J., NEWTON and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Appellant, The Cadle Company (Cadle), the holder of a note, appeals from the grant of a directed verdict in a court-tried case in favor of the makers of the note, Barbara Shearer and Barbara Couvion. Because this court finds that Cadle made a prima facie case, the trial court's grant of a directed verdict to the defendants after plaintiff's case was against the weight of the evidence. The judgment of the trial court is reversed and remanded for further proceedings.

### Factual and Procedural History

This case involves a suit by Cadle, as holder, on an unpaid balance of a promissory note dated September 13, 1979. The original amount of the note was $22,500, with interest at 11 percent, and was executed by Barbara Shearer and Barbara Couvion. The note was payable, in monthly installments of $232.25, to Edgar House (House) and Paul Cook (Cook) (Couvion–Shearer note). The note was used to secure a loan on a home. On September 20, 1979, House and Cook assigned the Couvion–Shearer note to Southside Bank. On January 30, 1997, the Federal Deposit Insurance Corporation (FDIC), in its corporate capacity as a successor in interest to Republic Bank of Kansas City F/K/A South Side Bank, assigned the Couvion–

Shearer note to Midstates Resources Corporation (Midstates). On March 16, 2000, Midstates assigned the Couvion–Shearer note to Cadle.

Another promissory note that was eventually assigned to Cadle was executed by House and Cook on February 23, 1984, payable to Republic Bank (formerly Southside Bank) (House–Cook note). This note was secured by the Couvion–Shearer note which had already been assigned to Southside bank in September of 1979. The FDIC also assigned the House–Cook note to Midstates, and Midstates assigned the note to Cadle. This note is mentioned because the respondents made reference to it in their brief to cast doubt upon Cadle's evidence concerning how it arrived at a balance due on the Couvion–Shearer note.

In July of 2000, Cadle filed a petition seeking payment on the Couvion–Shearer note. Cadle claimed that despite its demands for payment, payments were not made in accordance with the terms of the note and that the note was considered in default. Cadle prayed for judgment in the amount of $12,716.05 with accrued interest at the rate of 11 percent. Couvion and Shearer alleged in their answer that they had made timely payments on the note and that Cadle and previous holders of the note failed and refused to timely and accurately apply the payments to the reduction of principal and interest due on the note. In fact, their answer states that the note, "is either paid in full and satisfied or very close to being paid in full and satisfied."

After Cadle presented its case, Couvion's and Shearer's counsel moved for a directed verdict, which was granted. No timely motion was made for findings or conclusions. Cadle appeals.

### Standard of Review

■ In a trial without a jury, the judge is not only the trier of the facts but also the determinant of whether the plaintiff has shown a right to relief. It is for this reason that the motion for directed verdict, so apt in a jury case to differentiate the judge function as to whether the evidence is submissible from the jury function to find the facts and return a verdict under the instructions of the court, has no role or function in a trial to the court without a jury. *City of Hamilton v. Public Water Supply Dist. No. 2*, 849 S.W.2d 96, 100 (Mo.App. 1993) (citations omitted).

■ Thus, a motion for directed verdict in a court-tried case submits the issue for a decision on the merits and is considered to be a motion for a judgment pursuant to Rule 73.01.[1] *Id.; Ware v. McDaniel*, 899 S.W.2d 170, 172 (Mo.App.1995). Accordingly, this court reviews not for submissibility, but under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *City of Hamilton*, 849 S.W.2d at 100. This court will sustain the judgment of the trial court unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W.2d at 32.

### I.

■ Cadle argues in its sole point on appeal that the trial court erred in granting defendant's motion for directed verdict at the close of Cadle's evidence because Cadle had established that it was entitled to payment on the note. Cadle claims that

---

1. Rule 73.01(b) states, "After the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief. The filing of such motion does not constitute a waiver of defendant's right to offer evidence."

it made a prima facie case, pursuant to § 400.3–308, RSMo 2000, in that the note, the signatures of the makers, and the balance due on the note were received in evidence.

In a suit on a promissory note, the holder makes a prima facie case by producing a note admittedly signed by the maker and showing the balance due. *Misemer v. Freda's Rest.*, 961 S.W.2d 120, 121 (Mo.App.1998). "Where signatures are admitted or established, production of the note entitles the holder of the note to recover on it unless the defendant establishes a defense." *Curt Ogden Equip. Co. v. Murphy Leasing Co.*, 895 S.W.2d 604, 608 (Mo.App.1995).

In this case, the Couvion–Shearer note was received in evidence. Couvion's and Shearer's signatures appeared on the note as makers, and both parties admitted in their answer that they executed the note on September 13, 1979, and promised to pay $22,500, at 11 percent interest. All of the subsequent assignments of the note were also admitted in evidence.

Jeffrey Joseph (Joseph), an account officer for Cadle, testified that he was responsible for verifying the information that Cadle received regarding the Couvion–Shearer note and was also responsible for collection of payment. Joseph obtained from Midstates (the company that assigned the note to Cadle) a recap of their payment history of the Couvion–Shearer note. The Midstates' recap, however, indicated that the starting principal balance when it acquired the note was $13,509.46, the interest rate was 12 percent, the unpaid interest was $6,736.41 as of May 18, 1992, and the monthly payment was $232.25. The principal balance due on the note on March 16, 2000, the date it was transferred from Midstates to Cadle, was $12,716.05. Joseph prepared a summary for Cadle of the amount due on the note. While preparing the summary, Joseph reviewed the file and the note and noticed that Midstates had been making its calculations using a 12 percent interest rate. Because the note reflected an 11 percent interest rate, Joseph recalculated the Midstates payments using an 11 percent interest rate. Joseph testified that based on his recalculations, as of trial, the amount of principal due on the note was $12,594.17, the accrued interest was $2,708.92, and the late fees were $870.75. Joseph testified that the total amount owed on the note at the time of trial was $16,173.85. The transcript of Cadle's evidence was brief. However, there seems to be no dispute that the note was held by Cadle and there was a default by the makers. The amount of the note balance was arrived at with difficulty, but the evidence did show that the note had not been paid in full. Difficulty in determining the exact amount of Cadle's damages should not have resulted in a directed verdict in favor of the makers. "Generally, damages need not be established with absolute certainty, but reasonable certainty is required as to both existence and amount, and the evidence must not leave the matter to speculation." *Affiliated Acceptance Corp. v. Boggs*, 917 S.W.2d 652, 657 (Mo.App.1996).

Based upon the foregoing evidence, this court finds that Cadle made a prima facie case and therefore, the trial court's grant of a directed verdict was against the weight of the evidence. The trial court should have overruled the defendants' motion for directed verdict at the close of their case and requested the defendants put on their evidence. The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings.

All concur.